## PEOPLES CAB CO. et al. v. COVINGTON.

No. 28265.   June 14, 1938.

M. C. Rodolf and Parke Davis, for plaintiffs in error.

Roy F. Ford, for defendant in error.

RILEY, J. This is an appeal from a judgment in an action by defendant in error, herein referred to as plaintiff, to recover damages for personal injuries.

Five assignments of error are presented under one proposition, which in substance is that the evidence was insufficient to support the verdict and judgment.

Plaintiff was a passenger for hire in a cab operated by defendant. Plaintiff was a waitress in Bishop's restaurant in the city of Tulsa. Her work was in the afternoon and until about 3 o'clock the next morning. About 3:45 on the morning of November 4, 1936 plaintiff with another waitress boarded a cab operated by the Peoples Cab Company, driven by defendant Ray Chambers, to be transported to their respective residences. The cab, while being driven south on Main street at the intersection of Eighth street, was struck by a police car entering said intersection from the west. In this colli-

sion;plaintiff received the injuries on account of which she sues.

The negligence alleged is that the driver of the cab negligently failed to keep a proper lookout for approaching cars on the cross street, in that he was engaged in a conversation with plaintiff and the other passengers and was looking toward the passengers instead of keeping a lookout ahead.

The answer was a general denial, and this is the principal controverted question in the case. The police car was traveling at a high rate of speed, about 50 miles per hour. The cab was being driven at a moderate rate, ten or twelve miles per hour.

Defendant Chambers testified that he saw the police car approaching from the west, about one-half block away. He did not know at the time that it was a police car. It had no siren, was not otherwise giving any warning of its approach or that it was on an emergency call, and going at an excessive rate of speed. Defendant contends that Chambers had a right to assume when he saw the car approaching from the west about one-half block away that it was traveling at a lawful rate of speed, and that if it had been so traveling he would have had ample time to clear the crossing and no collision would have occurred. On the other hand, plaintiff and the other passenger both testified in substance that after leaving the restaurant and just before the collision they and Chambers were engaged in conversation concerning the election which had been held the day before.

Eva Mulligins, the other passenger, testified that Chambers was turned around while talking to her. Both testified that after the collision Chambers visited them at the hospital, and in discussing the collision he said he did not see the police car.

Chambers testified that he did not remember having told them that he had not seen the police car.

From this it will be seen that there is evidence tending to prove that defendant Chambers was not keeping a proper lookout.

This was sufficient to take the case to the jury on the question of negligence. Whatever conflict there was in the evidence was resolved by the jury in favor of plaintiff.

There was evidence of primary negligence.

The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.